IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>　　　　　　　　　　　*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br>2201 C Street NW<br>Washington, DC 20520<br><br>U.S. GENERAL SERVICES<br>ADMINISTRATION,<br>1800 F Street NW<br>Washington, DC 20405<br><br>U.S. ARMY,<br>Office of the Army General Counsel<br>104 Army Pentagon<br>Washington, DC 20310-0104<br><br>and<br><br>U.S. NAVY<br>Office of the Navy General Counsel<br>1000 Navy Pentagon<br>Room 4D652<br>Washington, DC 20350<br><br>　　　　　　　　　　　*Defendants*. | Case No. 20-cv-1917 |

**COMPLAINT**

　　　1.　　Plaintiff American Oversight brings this action against the U.S. Department of State, the U.S. General Services Administration, the U.S. Army, and the U.S. Navy under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28

1

U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendants have failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of State (State) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal

government within the meaning of 5 U.S.C. § 552(f)(1). State has possession, custody, and control of the records that American Oversight seeks.

7. Defendant U.S. General Services Administration (GSA) is an agency of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). GSA has possession, custody, and control of the records that American Oversight seeks.

8. Defendant U.S. Army (Army) is a component of the Department of Defense (DOD), which is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Army has possession, custody, and control of the records that American Oversight seeks.

9. Defendant U.S. Navy (Navy) is a component of the Department of Defense (DOD), which is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Navy has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

*Secretary Pompeo Housing Arrangement FOIA Request*

10. On May 26, 2020, American Oversight submitted an identical FOIA request to State, GSA, Army, and Navy seeking the following:

> 1) All email communications (including email messages, email attachments, calendar invitations, and calendar invitation attachments) regarding potential arrangements for Secretary of State Mike Pompeo to receive military housing, including but not limited to housing on either the Potomac Hill campus or Fort Myer. Emails reflecting any negotiations, security

considerations, cost discussions, and other logistics of the arrangement are responsive to this request.

2) All email communications (including email messages, email attachments, calendar invitations, and calendar invitation attachments) regarding requests by Secretary Pompeo and his family related to any military residence, including but not limited to any Potomac Hill or Fort Myer residence and the condition thereof. Emails regarding the possibility or completion of any renovations, home improvements, furniture or décor purchases, or any other adjustments to the residence are responsive to this request.

3) All email communications (including email messages, email attachments, calendar invitations, and calendar invitation attachments) regarding requests by Secretary Pompeo and his family related to staffing of their residence. Emails regarding hosting guests at the Pompeo residence, including any requests for staffing assistance or catering for such events, are responsive to this request.

4) Records sufficient to identify housing costs projected to be incurred by the government as a result of Secretary Pompeo and his family living in any military housing, including but not limited to housing on either Potomac Hill or Fort Myer. Any assessments of housing options and associated costs—such as expenses related to security, maintenance, upkeep, renovations, furniture, décor changes, etc.—are responsive to this request.

5) Records sufficient to identify actual housing costs incurred by the government as a result of Secretary Pompeo and his family living in military housing, including but not limited to housing on either Potomac Hill or Fort Myer. Any records of costs that have been incurred as a result of the choice for Secretary Pompeo to live in military housing—such as rental payments, security expenses, or costs related to maintenance, renovations, furniture, décor changes, etc.—are responsive to this request.

6) A copy of Secretary Pompeo's lease(s) for any military housing home he has occupied, including but not limited to any housing on Potomac Hill or Fort Myer, or other similar record reflecting Secretary Pompeo's agreement to pay for such residence.

Please provide all responsive records from April 26, 2018, through the date the search is conducted. [FN omitted]

11.     On May 29, 2020, State acknowledged this request and assigned the request tracking number F-2020-05644.

12.     On June 1, 2020, GSA acknowledged this request and assigned the request tracking number GSA-2020-000888.

13.     On June 3, 2020, Army acknowledged this request and assigned the request tracking numbers FA-20-2530 and FP-20-020371. In this communication Army asserted that the request was "too broad as written" and requested additional information.

14.     On June 5, 2020, American Oversight responded to Army's request for additional information noting that Army was "best positioned to identify the locations of responsive records," but nonetheless providing additional information about the likely locations of responsive records, including with the "the leadership of Joint Base Myer-Henderson Hall," the "leadership of the Army Military District of Washington," and the "the immediate front Office of the Secretary of the Army, the immediate front Office of the Chief of Staff, anyone serving as White House or interagency liaison for the Secretary of the Army."

15.     On June 9, 2020, Army acknowledged the additional information provided by American Oversight and noted the request was being processed.

16.     On June 12, 2020, Army communicated that it was sending the request to another Joint Base Myer-Henderson Hall, for processing.

17.     On June 17, 2020, Army communicated that it was aggregating the processing of this request with the request described below under the tracking number FA-20-0102.

18.     Navy has not communicated with American Oversight about this request, and American Oversight has received no further communications about this request from the other Defendants.

*Secretary Pompeo Housing Payments FOIA Request*

19. On June 1, 2020, American Oversight submitted an identical FOIA request to State, GSA, Army, and Navy seeking:

> 1) Records sufficient to identify any housing rent or lease payments made by Secretary Mike Pompeo or any member of his family to any military component for housing provided in the Washington, DC region, including but not limited to, any housing at Potomac Hill or Fort Myer.
>
> 2) Records sufficient to identify any housing rent or lease payments made by the State Department (on behalf of Secretary Mike Pompeo) to any military component for housing provided to Secretary Pompeo and/or his family in the Washington, DC region, including but not limited to, any housing at Potomac Hill or Fort Myer.
>
> Please provide all responsive records from April 26, 2018, through the date the search is conducted. [FN omitted]

20. On June 2, 2020, GSA acknowledged this request and assigned the request tracking number GSA-2020-000905.

21. On June 3, 2020, State acknowledged this request and assigned the request tracking number F-2020-05710.

22. On June 12, 2020, Army acknowledged this request and assigned it tracking numbers FA-20-2651 and FP-20-021109.

23. On June 17, 2020, Army communicated that it was aggregating the processing of this request with the Secretary Pompeo Housing Arrangement FOIA Request described above under the tracking number FA-20-0102.

24. Navy has not communicated with American Oversight about this request, and American Oversight has received no further communications about this request from the other Defendants.

*Exhaustion of Administrative Remedies*

25. As of the date of this complaint, Defendants have failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

26. Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Failure to Conduct Adequate Searches for Responsive Records

27. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

28. American Oversight properly requested records within the possession, custody, and control of Defendants.

29. Defendants are agencies subject to FOIA and must therefore make reasonable efforts to search for requested records.

30. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to Plaintiff's FOIA requests.

31. Defendants' failure to conduct an adequate search for responsive records violates FOIA.

32. Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to Plaintiff's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

33. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

34. American Oversight properly requested records within the possession, custody, and control of Defendants.

35. Defendants are agencies subject to FOIA and must therefore make reasonable efforts to search for requested records.

36. Defendants are wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its FOIA requests.

37. Defendants' failure to provide all non-exempt responsive records violates FOIA.

38. Plaintiff is therefore entitled to declaratory and injunctive relieve requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, within twenty days of the Court's order, any and all non-exempt records responsive to American Oversight's FOIA requests and *Vaughn* indexes of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: July 16, 2020                            Respectfully submitted,

*/s/ Daniel A. McGrath*
Daniel A. McGrath
D.C. Bar No. 1532723

*/s/ Mehreen Rasheed*
Mehreen Rasheed
D.C. Bar No. 144880

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-4213
daniel.mcgrath@americanoversight.org
mehreen.rasheed@americanoversight.org

*Counsel for Plaintiff*